Case 1:22-mj-00551-JMC   Document 3   Filed 03/08/22   Page 1 of 12

FILED ENTERED
____ LOGGED ____ RECEIVED

4:58 pm, Mar 07 2022
AT BALTIMORE
CLERK, U.S. DISTRICT COURT
DISTRICT OF MARYLAND
BY _____ Deputy

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| IN THE MATTER OF THE SEARCH OF A BLACK APPLE IPHONE MOBILE DEVICE WITH IMEI 356 844 112 628 004 CURRENTLY IN LAW ENFORCEMENT CUSTODY | Case No.  1:22-mj-00551-JMC |

## AFFIDAVIT IN SUPPORT OF
## AN APPLICATION FOR SEARCH WARRANTS

I, Special Agent John M. Krajnak, being first duly sworn, hereby depose and state as follows:

## INTRODUCTION

1. I make this affidavit in support of an application for a search warrant pursuant to Federal Rule of Criminal Procedure 41.

2. I seek authorization for the forensic examination of one cellular phone, currently in possession of the Baltimore Police Department ("BPD") in Baltimore, Maryland, further described below and in Attachment A, and hereafter referred to as "**Subject Device**":

| SUBJECT DEVICE | SUBJECT | HEREINAFTER |
|---|---|---|
| Black Apple iPhone with Case<br>International Mobile Equipment Identifier (IMEI): 356 844 112 628 004 | William Wallace | **Target Electronic Device** |

3. The warrant would authorize investigators to search the contents, for the purpose of identifying and seizing electronically stored data, further described in Attachment B of the Subject Device (the "Electronic Device Warrant") described as a black Apple iPhone mobile device, recovered from WALLACE at the time of his arrest on January 21, 2022, further described in Attachment A ("**Target Electronic Device**").

4.      The FBI is investigating William WALLACE and an as of yet unidentified additional suspect for possible violations of 18 U.S.C § 2119 (Carjacking), 18 U.S.C. § 924(c)(1)(A)(ii) (Brandishing a Firearm During and in Relation to a Crime of Violence), and 18 U.S.C. § 2 (Aiding and Abetting) (the "TARGET OFFENSES"). I believe there is probable cause that a search of the contents of the **Target Electronic Device** will uncover evidence, fruits, and/or instrumentalities of the TARGET OFFENSES.

5.      Because this Affidavit is being submitted for the limited purpose of establishing probable cause for the requested search warrant, I have not included each and every fact known to me concerning the entities, individuals, and the events described in this Affidavit. Rather, I have set forth only those facts that I believe are necessary to establish probable cause. I have not, however, excluded any information known to me that would defeat a determination of probable cause. The information contained in this Affidavit is based upon my personal knowledge, my review of documents and other evidence, and my conversations with other law enforcement officers and other individuals. All conversations and statements described in this Affidavit are related in substance and in part unless otherwise indicated.

## AGENT BACKGROUND

6.      I am a "federal law enforcement officer" within the meaning of Federal Rule of Criminal Procedure 41(a)(2)(C), that is, a government agent engaged in enforcing the criminal laws and duly authorized by the Attorney General to request a search warrant. I am a Special Agent with the FBI and have been since November 2005. During my employment as an FBI Special Agent, I have been assigned to investigate violations of federal law including violent crime, organized crime, counterterrorism, and counterintelligence. I have received training and experience in interviews, interrogation techniques, arrest procedures, search warrant applications, the execution of searches and seizures, communications platforms, computer networks, and

various other criminal investigative procedures. I am currently assigned to the FBI Baltimore Violent Crimes Task Force in Baltimore, Maryland. I have investigated numerous cases involving extortion, Hobbs Act Robbery, bank robbery, and carjacking. I have used historical cell site analysis to locate phones of subjects in numerous investigations. The facts in this affidavit come from my personal observations, my training and experience, and information obtained from other investigators and witnesses. This affidavit is intended to show that there is probable cause for the requested warrant and does not set forth all of my knowledge about this matter.

7. Through training and experience, I have become familiar with the manner in which suspects use telephones, cellphone technology, email and social media accounts, coded communications or slang-filled telephone conversations, false or fictitious identities, and other means to facilitate their illegal activities and thwart law enforcement investigations.

8. Based on my training and experience, I am familiar with the methods of operation employed by suspects, such as those under investigation here.

9. Based on this familiarity, I know that cellphones are an indispensable tool of those involved in violent crime conspiracies, such as conspiracies to commit armed commercial robberies and other violent offenses. People involved in violent crime conspiracies use cellphones, Short Message Service ("SMS"), Multimedia Messaging Service ("MMS"), email, cellular applications and similar electronic means and/or devices, often under fictitious names or names other than their own, to maintain contact with other conspirators. In addition, participants in violent crimes will often change their cellphones following the arrest of a co-conspirator or at random to frustrate law enforcement efforts.

10. Members of criminal enterprises often carry and use cellphones. Members of criminal enterprises will use cellphones before, during, and after the commission of criminal activities, including violent acts.

11. Based on my training and experience, I know that the location of a cellphone at a particular time (based on cell-site records and location information) may constitute evidence of a crime. Such location information allows investigators to determine, for example, whether a particular phone was in the vicinity of a robbery.

12. For example, as previously explained, I know that individuals engaged in criminal activity often use their phones to communicate with co-conspirators before and after a crime has been committed. Sometimes co-conspirators will be nearby as a lookout for local police while an individual commits a crime. Individuals may contact an accomplice via electronic device for a ride to flee the crime. Additionally, an individual may communicate with another person to strategize and attempt to hide evidence of the crime committed.

13. This affidavit is intended to show merely that there is sufficient probable cause for the requested warrants and does not set forth all of my knowledge about this matter. I have not however, excluded any information known to me that would defeat a determination of probable cause.

## JURISDICTION

14. This Court has jurisdiction to issue the Target Electronic Device warrant because it is "a court of competent jurisdiction" as defined by 18 U.S.C. § 2711 and 18 U.S.C. §§ 2703(a), (b)(1)(A), & (c)(1)(A). Specifically, the Court is "a district court of the United States . . . that has jurisdiction over the offense being investigated." 18 U.S.C. § 2711(3)(A)(i).

## PROBABLE CAUSE

15. On Thursday, January 20, 2022 at approximately 3:35 p.m., BPD officers responded to the 1500 block of Spruce Street, Baltimore, Maryland 21226, for a report of an armed carjacking. Upon arriving at the scene, officers met with the victim, Keller Gilbert. The victim told officers that he left his residence at approximately 3:30 p.m. to go to work. He observed two black

males standing a short distance from his residence. The victim approached his vehicle, a black 2011 Nissan Altima, bearing Maryland license plate number 8EM 3365, took his keys out of his pocket, and heard footsteps behind him. Two black male suspects pinned the victim between themselves and his vehicle. One of the suspects brandished a handgun, placed the gun against the victim's side, and stated, "Give me the fucking keys, I'm not playing around." The victim, fearing for his safety, complied with the suspect's demand and handed over his keys. One of the suspects demanded, "Tell me how to start the fucking car." The victim's key fob was dead, rendering the push to start function of the vehicle useless. The victim advised the suspects the key fob battery was dead and showed the suspects how to start the car. The suspects entered the victim's Nissan and fled the area. Suspect 1, armed with the handgun, was described as a black male, light complexion, 5'8" to 5'9", skinny build, black jacket, black mask, and light-colored jeans. Suspect 2 was described as a black male, light complexion, 5'11" to 6'0", skinny build, gray jacket with white logo on the back, black pants, black mask.

16. On Friday, January 21, 2022 at approximately 9:17 a.m.., BPD officers received a notification from a License Plate Reader ("LPR") that the license plate of the carjacked vehicle, the Nissan bearing Maryland license plate number 8EM 3365, had been at the intersection of North Hilton Street and North Kossuth Street. BPD officers responded to the area and began canvassing for the carjacked Nissan. The carjacked Nissan bearing Maryland license plate number 8EM 3365 was observed in the area and multiple BPD patrol units attempted to stop the carjacked vehicle by activating their emergency lights and sirens. The driver of the carjacked vehicle did not stop and travelled eastbound on Wilkens Avenue. The carjacked vehicle sustained damage while evading police, disabling the car. The driver of the carjacked Nissan bailed out when the vehicle stopped and attempted to flee on foot. BPD officers pursued and apprehended the driver, who was identified as William WALLACE, black male, date of birth: September 20, 2002. WALLACE was

holding a black Apple iPhone mobile device during his arrest which was seized by the arresting officers.

17. WALLACE was advised of his Miranda rights, which he subsequently waived and agreed to be interviewed by law enforcement. WALLACE was presented with a still image taken from exterior video surveillance that captured the suspects carjacking the victim on January 20, 2022. WALLACE identified himself in the image he was presented. WALLACE advised he had needed a car in the moment. WALLACE would not provide the identity of Suspect 2.

18. On January 21, 2022, BPD officers responded to a call reporting a firearm found on the property of 2767 Wilkens Avenue, Baltimore, Maryland 21223. Officers responded to the location and recovered the firearm, described as a black Glock 27 .40 caliber handgun with serial number RNN109 containing eight live rounds. The location of the recovered Glock firearm was on the path of WALLACE's travel after he bailed out of the carjacked vehicle while officers were attempting to apprehend him earlier that day. Video surveillance was reviewed and had captured WALLACE discarding the firearm during the foot pursuit. The Glock firearm was submitted to the BPD Evidence Control Unit for processing and storage.

19. The firearm was test-fired at the BPD Firearms lab and expelled a projectile by the action of an explosive. The firearm therefore qualifies as a firearm under 18 U.S.C. § 921(a)(3). The firearm was not manufactured in Maryland and, therefore, affected interstate commerce.

20. Based on these facts, I believe there is probable cause that WALLACE participated in some or all of the TARGET OFFENSES and that he used the **Target Electronic Device** while planning, engaging in, and communicating after the TARGET OFFENSES with the second unidentified suspect or other potential co-conspirators. As such, there is probable cause to believe that evidence, fruits, and instrumentalities of the TARGET OFFENSES are located within the information sought for from the **Target Electronic Device**.

**AUTHORIZATION REQUEST**

21.     By this affidavit and applications, I request that the Court issue the proposed search warrant, pursuant to Federal Rule of Criminal Procedure 41(a).

22.     Because the electronic device warrant will be served on the **Target Electronic Device**, which is already in law enforcement custody, and it is reasonable to allow law enforcement to execute the requested search at any hour of the day, even during the evening or night, if doing so is convenient for the investigators or examiners. Because the device is in law enforcement custody already, there is no prejudice to any other person from this request.

**CONCLUSION**

23.     Based upon the information set forth in this Affidavit, I respectfully submit probable cause exists to believe that the **Target Electronic Device** will contain evidence of violations of 18 U.S.C § 2119 (Carjacking), 18 U.S.C. § 924(c)(1)(A)(ii) (Brandishing a Firearm During and in Relation to a Crime of Violence), and 18 U.S.C. § 2 (Aiding and Abetting)

24.     WHEREFORE, in consideration of the facts presented, I respectfully request that this Court issue search warrants for the **Target Electronic Device**, further described in Attachment A, for the purpose of seizing the items particularly described in Attachment B.

Respectfully submitted,

John M. Krajnak
Special Agent
Federal Bureau of Investigation

Affidavit submitted by email and attested to me as true and accurate by telephone consistent with Fed. R. Crim. P. 4.1 and 41(d)(3) this ___17th___ day of ___February___, 2022.



_____
The Honorable J. Mark Coulson
United States Magistrate Judge

## ATTACHMENT A (Device)

**Property to be Searched**

This warrant applies to **a black Apple iPhone mobile device with IMEI 356 844 112 628 004**, recovered from William WALLACE at the time of his arrest on January 21, 2022, currently in law enforcement custody at the Baltimore Police Department ("**TARGET ELECTRONIC DEVICE**").

## ATTACHMENT B (Device)

### Particular Things to be Seized

All records contained in the items described in **Attachment A** which constitute evidence of violations of 18 U.S.C § 2119 (Carjacking), 18 U.S.C. § 924(c)(1)(A)(ii) (Brandishing a Firearm During and in Relation to a Crime of Violence), and 18 U.S.C. § 2 (Aiding and Abetting), including but not limited to that outlined below:

1. All evidence of robberies; firearms and ammunition possession; and co-conspirators and/or associations to same.

2. Contact logs that refer or relate to the user of any and all numbers on the **TARGET ELECTRONIC DEVICE**.

3. Call logs reflecting date and time of received calls.

4. Any and all digital images and videos of people associated with this investigation.

5. Text messages to and from the **TARGET ELECTRONIC DEVICE** that refer or relate to the crimes under investigation.

6. Records of incoming and outgoing voice communications that refer or relate to the crimes under investigation.

7. Voicemails that refer or relate to the crimes under investigation.

8. Voice recordings that refer or relate to the crimes under investigation.

9. Any data reflecting the phone's location.

10. Contact lists.

11. Any and all records related to the location of the user(s) of the devices.

12. For the **TARGET ELECTRONIC DEVICE**:

    a. Evidence of who used, owned, or controlled the devices at the time the things described in this warrant were created, edited, or deleted, such as logs, registry entries, configuration files, saved usernames and passwords, documents, browsing history, user profiles, email, email contacts, "chat," instant messaging logs, photographs, and correspondence;

    b. evidence of software that would allow others to control the Devices, such as viruses, Trojan horses, and other forms of malicious software, as well as evidence of the presence or absence of security software designed to detect malicious software;

    c. evidence of the lack of such malicious software;

       d.    evidence of the attachment to the **TARGET ELECTRONIC DEVICE** of other storage devices or similar containers for electronic evidence;

       e.    evidence of counter forensic programs (and associated data) that are designed to eliminate data from the **TARGET ELECTRONIC DEVICE**;

       f.    evidence of the times the **TARGET ELECTRONIC DEVICE** was used;

       g.    passwords, encryption keys, and other access devices that may be necessary to access the **TARGET ELECTRONIC DEVICE**;

       h.    documentation and manuals that may be necessary to access the **TARGET ELECTRONIC DEVICE** or to conduct a forensic examination of the **TARGET ELECTRONIC DEVICE**;

       i.    contextual information necessary to understand the evidence described in this attachment.

With respect to the search of any of the items described above which are stored in the form of magnetic or electronic coding on computer media or on media capable of being read by a computer with the aid of computer-related equipment (including CDs, DVDs, thumb drives, flash drives, hard disk drives, or removable digital storage media, software or memory in any form), the search procedure may include the following techniques (the following is a non-exclusive list, and the government may use other procedures that, like those listed below, minimize the review of information not within the list of items to be seized as set forth herein, while permitting government examination of all the data necessary to determine whether that data falls within the items to be seized):

       1.    surveying various file "directories" and the individual files they contain (analogous to looking at the outside of a file cabinet for markings it contains and opening a drawer believed to contain pertinent files);

       2.    "opening" or cursorily reading the first few "pages" of such files in order to determine their precise contents;

       3.    "scanning" storage areas to discover and possible recover recently deleted files;

       4.    "scanning" storage areas for deliberately hidden files; or

       5.    performing key word searches or other search and retrieval searches through all electronic storage areas to determine whether occurrences of language contained in such storage areas exist that are intimately related to the subject matter of the investigation.

If after performing these procedures, the directories, files or storage areas do not reveal evidence of the specified criminal activity, the further search of that particular directory, file or storage area, shall cease.

With respect to the search of the information provided pursuant to this warrant, law

enforcement personnel will make reasonable efforts to use methods and procedures that will locate and expose those categories of files, documents, communications, or other electronically stored information that are identified with particularity in the warrant while minimizing the review of information not within the list of items to be seized as set forth herein, to the extent reasonably practicable. If the government identifies any seized communications that may implicate the attorney-client privilege, law enforcement personnel will discontinue its review and take appropriate steps to segregate all potentially privileged information so as to protect it from substantive review. The investigative team will take no further steps regarding any review of information so segregated absent further order of the court. The investigative team may continue to review any information not segregated as potentially privileged.